Amos v. Burrus.

Reversed and remanded.

|  |  |
|----|----|
| 11 | 383 |
| 209s | 162 |

### GEORGE H. AMOS ET AL.
### v.
### JOHN C. BURRUS.

JUDGMENT AGAINST COUNTY—MANDAMUS.—A petition for a writ of mandamus to compel the county board to direct an order to be drawn on the treasurer for the payment of a judgment against the county, is insufficient if it does not show that at the time of such judgment, or since, there was money in the hands of the treasurer liable to be drawn against for the payment of such judgment.

ERROR to the Circuit Court of Greene county; the Hon. A. G. BURR, Judge, presiding. Opinion filed September 26, 1882.

Mr. JOSEPH S. CARR, for plaintiffs in error; that a petition for mandamus must show that the relator is clearly entitled to the relief sought, cited Moses on Mandamus, 19; Hoxie v. County Commissioners, 25 Me. 333; People v. Village of Crotty, 93 Ill. 180; The People v. Hatch, 33 Ill. 9.

County boards are prohibited from issuing warrants unless there is money in the treasury or a tax has been levied the

collection of which may be anticipated: Constitution, Art. 9, § 12; Springfield v. Edwards, 84 Ill. 626; Law v. The People, 87 Ill. 385.

Mr. JAMES R. WARD, for defendant in error; that all objections to the proceeding by mandamus are barred by the statute, cited Rev. Stat. 1874, Chap. 7, §§ 3, 6, 9; Guinard v. Heysinger, 15 Ill. 288; Telfer v. Hoskins, 32 Ill. 165; Sidway v. Marshall, 83 Ill. 438; Law v. Fletcher, 84 Ill. 45.

DAVIS, P. J. This was a petition for a writ of mandamus, filed by the defendant in error, in which he charges that at the December term, 1881, of the County Court of Greene county, on December 22d of said year, he recovered a judgment against the county of Greene in a certain action of assumpsit for the sum of four hundred dollars damages, and also twenty-six dollars and thirty-five cents costs. That on the 12th day of January, 1882, at a special session of said county board it became the duty of said board to direct an order to be drawn by the clerk of said county board upon the county treasurer of said county in favor of petitioner for the amount of said judgment, lawful interest and said costs. That the record of said judgment was afterward presented to said county board, and a demand made for payment of the same; and said board was requested to direct its clerk to draw an order on the treasurer of said county of Greene in favor of petitioner for amount of said judgment, interest and costs. That said board refused and still refuses to draw such order.

A summons was issued on this petition, and duly served on said county board.

At the February term, 1882, of the Circuit Court of the county of Greene, the said county board having made default, a judgment was rendered by said court, ordering, adjudging and decreeing that a peremptory writ of mandamus issue against the defendants, commanding them that they immediately proceed to direct the clerk of the County Court of said county of Greene to draw an order on the county treasurer of said county of Greene for the amount of said judgment and costs, to be paid as other county debts.

Amos v. Burrus.

To reverse the judgment so rendered, the plaintiffs in error sued out this writ and assigned numerous errors; but the only one which we deem it necessary to notice is the following: That the petition for a mandamus is wholly insufficient to sustain the judgment, because it does not show that there was at the date of said judgment, or has at any time since been, any money in the hands of the treasurer of said county of Greene, liable to be drawn against by the order of said county board, or any tax levied which had not already been exhausted by previous orders drawn on such treasurer.

In the case of The People ex rel. Joseph N. Besse v. The Village of Crotty, 93 Ill. 180, it was held "that the rule is inflexible that mandamus will not lie when the right sought to be enforced is doubtful. The relator must show a clear and indubitable right to the writ, or it will not be granted, and the act sought to be enforced must not only be lawful and proper in itself, but it must also be one that the defendant may lawfully do."

Section 34 of chapter 34 of Revised Statutes of 1874, page 309, provides: "Execution shall not in any case issue against the lands or other property of a county; but when judgment is rendered against a county, the county board shall direct an order to be drawn on the county treasurer for the amount of the judgment and costs, which order shall be paid as other county debts."

This is the only mode provided by law for the payment of judgments obtained against a county, and in the absence of other legislation, it would justify the action of the court below.

But in 1879 it was enacted, "That warrants payable on demand shall hereafter be drawn and issued upon the treasurer of this State, or of any county, township, city, school district or other municipal corporation or against any fund in his hands, only when at the time of the drawing and issuing of such warrants, there shall be sufficient money in the appropriate fund in the treasury to pay such warrants." Session Laws 1879, Sec. 1, page 78.

We think the law of 1879 covers this case, and therefore,

when the county board was applied to to issue an order on the county treasurer for the amount of the judgment, interest and costs, obtained against the county, the board was expressly prohibited from drawing and issuing such order unless there was sufficient money in the treasury to pay the same.    No averment is made in the petition that sufficient funds were in the treasury to pay such order if issued.    The court below, therefore, erred in granting the peremptory writ of mandamus requiring the county board to do an act expressly prohibited by law.    The judgment must be reversed and remanded.

Judgment reversed.